**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN NEGRETE-RAMIREZ

Petitioner,

v. No. 2:26-cv-02382-KG-SCY

MARKWAYNE MULLIN, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Juan Negrete-Ramirez's Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, the Government's Response, Doc. 6, and Petitioner's Reply, Doc. 7. For the reasons below, the Court denies the Petition.

***I. Background***

Petitioner is a native and citizen of Mexico who entered the United States approximately twenty-one (21) years ago. Doc. 1-1 at 16. Petitioner worked in construction, lived in Las Vegas, New Mexico, and has been married to a U.S. citizen for fifteen (15) years. *Id.* Together, they have four children. *Id.* On March 26, 2018, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA") and charged him as removable. Doc. 1-1 at 24. Petitioner was later released on bond. Doc. 6-2 at 1–4. On March 18, 2025, U.S. Customs and Immigration Enforcement ("ICE") arrested Petitioner and took him into custody. Doc. 1 at 5; Doc 6-3 at 1.

On March 31, 2025, Petitioner's first request for a bond was denied when an Immigration Judge ("IJ") found that Petitioner was a "[d]anger to the community" because of a previous "[f]irearm offense while in the possession of [m]ethamphetamine." Doc. 6-4 at 1–2. After a merits hearing on August 11, 2025, Petitioner's application for cancellation of removal under

Section 240A(b)(1) of the Immigration and Nationality Act ("INA") was granted. *See* Doc. 1-1 at 12–22. The Government filed a Notice of Appeal with the BIA on September 10, 2025, but it was rejected because Government counsel improperly filled out the certificate of service and served it on the wrong party. Doc. 1-1 at 34–39; Doc. 6-6 at 1–3. DHS then filed a new Notice of Appeal with the BIA on September 11, 2025, which, over the objection of Petitioner, was accepted. Doc. 1-1 at 34–39; Doc. 6-6 at 1–3. The status of that appeal remains pending. Doc. 1-1 at 32–39.

On December 10, 2025, Petitioner sought habeas relief in this Court based on a theory that the BIA should not have accepted the Government's appeal of his cancellation of removal as timely. *See Negrete-Ramirez v. Noem*, 1:25-cv-01227-KWR-JMR, 2026 WL 375961 at *2 (D.N.M. Feb. 10, 2026). The Court denied the Petition for lack of jurisdiction under 8 U.S.C. § 1252(b)(9), which "channels review of all decisions and actions leading up to or consequent upon final orders of deportation in the courts of appeal, following issuance of an order of removal. *Id.* at *2–3 (internal quotation marks and citation omitted).

Petitioner's second request for a bond was denied on March 16, 2026, based on a determination by the IJ that they "lack[ed] jurisdiction to grant bond." Doc. 6-8 at 1–2. Petitioner's third and final request for custody redetermination was also denied on July 9, 2026, based on the following finding: "Danger – firearms and narcotics convictions" and "[f]light risk – prior failure to appear." Doc. 1-1 at 30–31. Petitioner remains detained at the Otero County Detention Center in New Mexico. Doc. 1 at 2.

The instant Petition seeks a declaration that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment and immediate release. *Id.* at 6–7. If Petitioner prevails, the Petition also seeks attorney's fees and costs under the Equal Access to Justice Act

("EAJA"). *Id.* The Government opposes the Petition. *See* Doc. 7.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, Section 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

## *III. Analysis*

As an initial matter, Section 1226 governs Petitioner's detention. Petitioner lived in Las Vegas, New Mexico, for twenty-one years with his wife and children prior to being detained and was not arrested at a port of entry or near the border. Doc. 1-1 at 16. He therefore was not seeking admission at the time of his arrest. And although an IJ granted Petitioner's application for cancellation of removal, that order is not yet administratively final because the Government's appeal before the BIA remains pending. *Id.* at 32–39. Therefore, his detention is properly governed under § 1226.

The Court nonetheless declines to grant relief because Petitioner received at least two separate individualized custody determinations—one on March 31, 2025, and another on July 9, 2026. At two of those bond hearings, the IJ found that Petitioner was a danger because of his previously documented firearms and narcotics convictions. Doc. 6-4 at 1–2; Doc. 1-1 at 30–31. Nothing in the record demonstrates that these hearings were otherwise unconstitutional. Under these circumstances, the hearings satisfy the requirements of Section 1226.

The Court is sympathetic to Petitioner's position. Petitioner has remained in detention for more than a year pending resolution the Government's appeal. And if the IJ's order is affirmed by the BIA and becomes administratively final, Petitioner will be conferred with lawful resident status. *See* 8 U.S.C. § 1229(b)(1). But under these specific circumstances, the Court lacks jurisdiction to review the IJ's custody determination. *See* § 1226(e).

## *IV. Conclusion*

For the reasons above, Court denies the Petition, Doc. 1, without prejudice.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales___________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.